IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA

**CHRISTOPHER J. BAILEY,**

    **Petitioner,**

v.                                    **Civil Action No. 5:13cv41**
                                       **(Judge Stamp)**

**R.A. PERDUE, Warden,**

    **Respondent.**

## REPORT AND RECOMMENDATION

On March 15, 2013, the *pro se* petitioner filed a petition under 28 U.S.C. § 2241, along with a motion for leave to proceed *in forma pauperis* ("IFP"). The Clerk of Court issued a deficiency notice, directing him to file his petition on a court-approved form within twenty-one days. By Order entered March 18, 2013, petitioner's IFP motion was granted and he was directed to pay the filing fee. Subsequently, petitioner paid the fee. Petitioner filed his court-approved form petition on April 1, 2013, with a second motion to proceed IFP, which was denied as moot by Order entered April 2, 2013.

Petitioner, a federal inmate housed at FCI Gilmer in Glenville, West Virginia, is challenging the validity of his conviction and sentence, imposed in the Southern District of West Virginia. This matter is pending before me for an initial review and Report and Recommendation pursuant to 28 U.S.C. §§1915, 1915A, and LR PL P 2.

## I. Factual and Procedural History

**A. Conviction and Sentence**

On December 6, 1994, petitioner was charged in a two-count Criminal Complaint in the Southern District of West Virginia. On January 4, 1995, in a two count Indictment, petitioner was charged with kidnapping his wife for ransom, reward, or otherwise, and willfully

1

transporting her in interstate commerce, in violation of 18 §U.S.C. 1201(a)(1), and intentionally committing a crime of violence and causing bodily injury to her, in violation of 18 U.S.C. §§2261(a)(2) and 2261(b).

On May 23, 1995, after a five-day jury trial, petitioner was convicted of both counts. (S.D. W.Va. Dkt.# 111)(2:95cr2-1). On September 1, 1995, he was sentenced to life imprisonment on Count One, with five years' supervised release; total restitution of $40,000.00, payable to Elena Campbell, Guardian ($40,000.00), and Equifax, Inc. ($40,000.00); and twenty years' imprisonment on Count Two, with three years' supervised release, and credit for 275 days already spent in custody. (S.D. W.Va. Dkt.# 134)(2:95cr2-1). An Amended Judgment was entered on September 13, 1995, adding as an additional special condition of supervised release, a requirement that petitioner attend a public, private or private non-profit offender rehabilitation program, approved by the court in consultation with the state Coalition Against Domestic Violence or other appropriate experts. (S.D. W.Va. Dkt.# 140) (2:95cr2-1).

**B. Direct Appeal**

Petitioner timely appealed. On May 2, 1997, the Fourth Circuit Court of Appeals affirmed the judgment of the sentencing court. (4th Cir. Dkt.# 112)(95-5727). On August 4, 1997, petitioner filed a petition for writ of *certiorari* on August 25, 1997, which was denied on October 6, 1997. (4th Cir. Dkt.# 117 and 121)(95-5727). On October 20, 2008, petitioner filed a motion to recall the mandate; by Order entered October 21, 2008, the motion was denied. (4th Cir. Dkt.# 133 and 134)( 95-5727).

**C. §2255 Motion**

On May 4, 1998, petitioner filed a Motion to Vacate under 28 U.S.C. §2255 in the sentencing court. (S.D. W.Va. Dkt.# 166)(2:95cr2-1). By Memorandum and Order entered

August 28, 1998, the District Court adopted an earlier Report and Recommendation by the magistrate judge, and denied the §2255 motion. By Orders entered November 19, 1998, a certificate of appealability was denied and petitioner's proceeding on appeal IFP was denied. (S.D. W.Va. Dkt.# 185 and 186)(2:95cr2-1).

Petitioner appealed. On February 12, 1999, the Fourth Circuit Court of appeals granted IFP; dismissed the appeal in an unpublished *per curiam* opinion; and denied a certificate of appealability. (4th Cir. Dkt.# 25, 26 and 27)(98-7613).

Petitioner filed a petition for rehearing and rehearing *en banc,* which was denied on April 28, 1999. (4th Cir. Dkt.# 30 and 35)(98-7613).

## II. Claims Raised by the Petitioner

Petitioner raises four grounds of ineffective assistance of counsel in his inartfully-pled petition, and alludes to the possibility of later raising two other issues. His claims are reworded here for clarity:

1) lead defense counsel was inexperienced in criminal defense matters, and the other attorney appointed to assist him "made no material or meaningful contribution" to his defense;

2) counsel failed to request an independent mental competency exam for petitioner, to evaluate his ability to participate in his own defense;

3) counsel failed to request a jury instruction regarding determining consciousness of guilt;

4) counsel failed to communicate, pursue, and negotiate a plea offer from the government.

Although not addressed in his petition, petitioner contends that he needs appointed counsel to help him with two other claims:

5) a "serious question of jurisdiction;" and

6) a "possible illegal search and seizure at the initial stage of the prosecution that requires further investigation and analysis."

As relief, petitioner requests that his conviction and sentence be vacated and his case be remanded for "re-sentencing and dismissal of case." Further, he asks that counsel be appointed to assist him in achieving this goal.

### III. Analysis

Except as discussed below, a motion filed under §2241 necessarily must pertain to "an applicant's commitment or detention," rather than the imposition of a sentence. Compare 28 U.S.C. § 2241 (§2241 application for writ of habeas corpus must allege facts concerning the applicant's commitment or detention) and 28 U.S.C. §2255 (motions to vacate a sentence brought under §2255 are collateral attacks upon the imposition of a prisoner's sentence). Because the petitioner herein is seeking to have his sentence modified, he is seeking §2255 relief, not §2241 relief. See In re Jones, 226 F.3d 328 (4th Cir. 2000).

However, despite the fact that a §2255 petition is the proper vehicle for challenging a conviction or the imposition of a sentence, the petitioner is entitled to file a §2241 petition if he can demonstrate that §2255 is an inadequate or ineffective remedy. In this respect, the Fourth Circuit has concluded that:

> §2255 is inadequate and ineffective to test the legality of a conviction when: (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first §2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of §2255 because the new rule is not one of constitutional law.[3]

---

[3] The "gatekeeping" requirements provide that an individual may only file a second or successive §2255 motion if the claim sought to be raised presents:
 (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or
(2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

4

Jones, 226 F.3d at 333-34.

In this case, petitioner is not challenging the execution of his sentence, but instead, his conviction and the imposition of his sentence. In particular, he alleges multiple grounds of ineffective assistance of counsel, and alludes to raising further claims related to underlying issues in the prosecution of the case.

Petitioner's non-responsive response to the inquiry in his form petition regarding his eligibility for the application of the savings clause in his case is "[i]t was so long ago since I have done a 2255 I felt a 2241 was my only remedy." Despite his failure to ` plead his eligibility for the application of the savings clause in his case, it is clear that he is not entitled to its application. In the instant case, even if the petitioner satisfied the first and third elements of Jones, violations of 18 §§U.S.C. 1201(a)(1), 2261(a)(2) and 2261(b) remain criminal offenses and, therefore, the petitioner cannot satisfy the second element of Jones. Because, the petitioner clearly attacks the validity of his conviction and sentence, and fails to establish that he meets the Jones requirements, he has not demonstrated that § 2255 is an inadequate or ineffective remedy and has improperly filed a § 2241 petition.

### IV. Recommendation

For the foregoing reasons, the undersigned recommends that this matter be **DISMISSED with prejudice.** Further, the undersigned recommends that the motion to appoint counsel, contained within petitioner's §2241 petition, be **DENIED** as moot.

**Within fourteen (14) days** after being served with a copy of this recommendation, **or by April 26, 2013**, any party may file with the Clerk of the Court written objections identifying the portions of the recommendation to which objections are made, and the basis for such objections. A copy of such objections should also be submitted to the United States District Judge. **Failure**

**to timely file objections to this recommendation will result in waiver of the right to appeal from a judgment of this Court based upon such Recommendation**. 28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984).

The Clerk is directed to send a copy of this Report and Recommendation to the *pro se* petitioner by certified mail, return receipt requested, to his last known address as shown on the docket.

DATED: April 12, 2013

/s/ James E. Seibert
JAMES E. SEIBERT
UNITED STATES MAGISTRATE JUDGE