IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

CHRISTOPHER J. BAILEY,

    Petitioner,

v.                                           Civil Action No. 5:13CV41
                                                                                (STAMP)

R.A. PERDUE, Warden,

    Respondent.

**MEMORANDUM OPINION AND ORDER**
**AFFIRMING AND ADOPTING REPORT AND**
**RECOMMENDATION OF MAGISTRATE JUDGE**

I.    Background

On March 15, 2013, Christopher J. Bailey ("Bailey") filed a pro se[1] petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. The petitioner challenges the validity of a sentence imposed upon him in the United States District Court for the Southern District of West Virginia, which followed a jury trial in which the petitioner was found guilty of one count of kidnapping his wife for ransom, reward, or otherwise, and willfully transporting her in interstate commerce, in violation of 18 U.S.C. § 1201(a)(1), and one count of intentionally committing a crime of violence and causing bodily injury to her, in violation of 18 U.S.C. §§ 2261(a)(2) and 2261(b). The petitioner was sentenced to life imprisonment for the kidnapping charge and twenty years

---

[1] "Pro se" describes a person who represents himself in a court proceeding without the assistance of a lawyer. Black's Law Dictionary 1341 (9th ed. 2009).

imprisonment for the intentionally committing a crime of violence and causing bodily injury charge.

Following his sentencing, the petitioner appealed to the United States Court of Appeals for the Fourth Circuit. The Fourth Circuit affirmed the district court. A subsequent petition for a writ of certiorari to the United States Supreme Court was also denied. He then filed a motion to recall the mandate in the Fourth Circuit, which was denied.

Following the motion to recall, the petitioner filed a motion under 28 U.S.C. § 2255, which was denied by the Southern District of West Virginia. A subsequent motion for a certificate of appealability was denied as well and petitioner's motion to proceed on appeal in forma pauperis was denied thereafter. The petitioner appealed and the Fourth Circuit granted him in forma pauperis status but dismissed the appeal in an unpublished per curiam opinion. In conjunction with that dismissal, the Fourth Circuit also denied the petitioner a certificate of appealability. The petitioner then filed motions for rehearing and rehearing en banc, both were denied.

The petitioner then filed the instant § 2241 petition, raising four grounds for relief. The petitioner contends that: (1) lead defense counsel was inexperienced in criminal defense matters and co-counsel "made no material or meaningful contribution" to his defense; (2) counsel failed to request an independent mental

2

competency exam for petitioner; (3)counsel failed to request a jury instruction regarding the determination of consciousness of guilt; and (4) counsel failed to communicate, pursue, and negotiate a plea offer from the government. Further, the petitioner asserts that he needs appointed counsel to help him with claims questioning jurisdiction and a possible unconstitutional search and seizure during the initial stage of the prosecution's investigation.

This petition was referred to United States Magistrate Judge James E. Seibert for initial review and report and recommendation pursuant to Local Rule of Prisoner Litigation Procedure 2. Magistrate Judge Seibert entered a report recommending that the petitioner's § 2241 petition be denied and dismissed with prejudice based upon his finding that a § 2241 petition is not available to this petitioner as a vehicle by which to obtain the relief sought. Further, the magistrate judge reported that even if the § 2241 relief was available through the savings clause of 18 U.S.C. § 2255, the petitioner cannot satisfy the Jones test and, therefore, is not entitled to the savings clause. In re Jones, 226 F.3d 328 (4th Cir. 2000).

The petitioner timely filed objections reiterating his previous contentions but also asserting that his petition should not be dismissed with prejudice because he should be allowed to re-file a proper § 2255 petition.

For the reasons set forth below, this Court finds that the report and recommendation by the magistrate judge must be affirmed and adopted in its entirety, and the petitioner's § 2241 petition must be denied and dismissed with prejudice.

## II. Legal Standard

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court must conduct a de novo review of any portion of the magistrate judge's recommendation to which objection is timely made. Because the petitioner filed objections to the report and recommendation, the magistrate judge's recommendation will be reviewed de novo.

## III. Discussion

The magistrate judge found that § 2241 is an improper vehicle for the petitioner's claims because the petitioner attacks the validity of his sentence rather than the means of execution, and such challenges must be brought pursuant to 28 U.S.C. § 2255. The "savings clause" in § 2255 permits certain claims to be brought under § 2241. The magistrate judge, however, reported that the petitioner has failed to demonstrate that 28 U.S.C. § 2255 afforded an inadequate or ineffective remedy. Although the petitioner did not clearly assert a claim under the savings clause in his petition–only stating that he filed a § 2241 petition because "it was so long ago since I have done a 2255 I felt a 2241 was my only remedy"–the magistrate judge found that if he had, the petitioner cannot rely upon it.

Having reviewed the magistrate judge's report and recommendation <u>de novo</u>, this Court agrees that the petitioner improperly challenges his sentence under § 2241 and that he has failed to demonstrate that 28 U.S.C. § 2255 affords an inadequate or ineffective remedy. A federal prisoner may seek relief pursuant to 28 U.S.C. § 2241 when a petition pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255; <u>In re Vial</u>, 115 F.3d 1192, 1194 (4th Cir. 1997). However, the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because relief has become unavailable under § 2255 because of a limitation bar, the prohibition against successive petitions, or a procedural bar due to failure to raise the issue on direct appeal. <u>In re Vial</u>, 115 F.3d at 1194 n.5 (citing <u>Tripati v. Henman</u>, 843 F.2d 1160, 1162 (9th Cir. 1988)). Rather, § 2255 is inadequate and ineffective to test the legality of a conviction when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law.

<u>Jones</u>, 226 F.3d 328.

In this case, the petitioner has failed to establish the elements required by <u>Jones</u>. The petitioner has not attempted to

satisfy the Jones test but inapposite actually seems to concede in his objections that § 2241 was not the proper vehicle for the relief he seeks and thus he asks for a dismissal without prejudice. As the magistrate judge observed, even without such a concession on the petitioner's part, kidnapping for ransom, reward, or otherwise, and willfully transporting a person in interstate commerce, in violation of 18 U.S.C. § 1201(a)(1), and intentionally committing a crime of violence and causing bodily injury, in violation of 18 U.S.C. §§ 2261(a)(2) and 2261(b), both remain valid criminal offenses. Thus, the petitioner cannot meet the second element of Jones and is foreclosed from making an argument under the savings clause.

Accordingly, the petition is denied because (1) the petitioner has made clear concessions that this is not a valid petition under the savings clause and (2) even without those concessions, his claims clearly do not fall within the test set forth by the Fourth Circuit in Jones.

## IV. Conclusion

Having reviewed the magistrate judge's report and recommendation de novo, this Court hereby AFFIRMS and ADOPTS the report and recommendation in its entirety and the petitioner's objections are hereby OVERRULED. Accordingly, the petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 is DENIED and DISMISSED WITH PREJUDICE. It is ORDERED that this civil

action be DISMISSED and STRICKEN from the active docket of this Court.

Should the petitioner choose to appeal the judgment of this Court to the United States Court of Appeals for the Fourth Circuit, he is ADVISED that he must file a notice of appeal with the Clerk of this Court within sixty days after the date of the entry of this judgment order.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to the pro se petitioner by certified mail and to counsel of record herein. Pursuant to Federal Rule of Civil Procedure 58, the Clerk is DIRECTED to enter judgment on this matter.

DATED: November 1, 2013

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE